UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ERNEST BISHOP, | Case No. 18-CV-2858 (JNE/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL NYSTROM C.M.D. and HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendants. | |

This matter is before the Court on Plaintiff Ernest Bishop's Complaint for a Civil Case, Dkt. No. 1 ("Complaint"). For the following reasons, the Court recommends that Bishop's claim under the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of 18, 26, 29, and 42 U.S.C.), be dismissed without prejudice from this action.

The Complaint's gravamen concerns interactions between Bishop and Defendants when Bishop sought medical care at Hennepin County Medical Center on or about November 8, 2017. (*See generally* Exs. to Compl. (pages 1–2), Dkt. No. 1-1.[1]) As the

---

[1] When determining whether to dismiss a complaint for failure to state a claim, a court primarily considers the complaint's allegations, but a court may also consider "'exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). The Court here considers a two-page printout that appears to be Bishop's November 2017 entries into an online "Complaint Portal" maintained by the

Court understands the Complaint, Bishop contends that Defendants inappropriately discharged him from Hennepin County Medical Center while he was still feeling as if he was suicidal and wanted to hurt himself. (*See* Compl. at 4; Exs. to Compl. (page 2).) Bishop contends that Defendants thus violated his rights under HIPAA and committed malpractice. (Compl. at 4.)

In a separate order, this Court is granting Bishop's Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. No. 2.) Because Bishop brings this case pro se, this Court, upon its own determination, may dismiss from the case any portion of it that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

U.S. Department for Health and Human Services; these entries detail events presumably underlying the present action. For purposes of understanding Bishop's allegations here, the Court sees no reason to question this document's authenticity—that is, it sees no reason to doubt that Bishop indeed submitted the Complaint Portal entries as they appear in the exhibits to his Complaint.

(2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the complaint's sufficiency, the court may disregard legal conclusions that are couched as factual allegations. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Bishop's HIPAA claim has at least two problems requiring its dismissal. First, HIPAA does not provide a private right of action. *See, e.g.*, *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citing cases). Second, even if it did, Bishop's claim here—that medical professionals inappropriately discharged him from care—is not the sort of wrong HIPAA addresses. Roughly speaking, HIPAA concerns the portability of health-insurance coverage for various sorts of employees, the standardization of certain kinds of health-care information to simplify health-related administrative tasks, and the need to maintain privacy and security in individuals' health information. *See, e.g.*, KATHY BAKICH & KAYE PESTAINA, EMPLOYER'S GUIDE TO HIPAA PRIVACY REQUIREMENTS ¶ 100 (2018) (providing HIPAA overview); D'ARCY GUERIN GUE & STEVEN J. FOX, GUIDE TO MEDICAL PRIVACY AND HIPAA ¶ 100 (2015) (same). The Court is unaware of—and Bishop does not point to—any HIPAA provision that corresponds to the sort of wrong Bishop alleges. Given these two problems, the Complaint's HIPAA claim should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the HIPAA claim in Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDIUCE**.

Dated: November 5, 2018                    *s/Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).